IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Robert A. LaGrassa        ,    : Chapter 13
           debtor                          : Case No. 10-21529

## CHAPTER 13 PLAN
### NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER THAT, IF NOT CONTROVERTED, WILL BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE §1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATIONS AND ALLEGATIONS CONTAINED HEREIN.

The Debtor(s) above named hereby submits his/her/their future net disposable income and/or assets as provided herein to such supervision and control of the Trustee as is reasonably necessary for the execution of the Plan and proposes the following pursuant to 11 U.S.C. 1321 and 1322:

1.    Debts. All debts are provided for by this Plan. Only creditors holding claims duly proved and allowed shall be entitled to payments from the Trustee. (See Notice of Filing of Bar Date.) The Chapter 13 Trustee will not file a claim on behalf of any creditor.

2.    Plan Funding. Debtor and/or any entity from whom the debtor(s) receive income shall pay to the Trustee the sum of $272.00 monthly, commencing 7/1/2010, for 36 months for a total of $9,781.00 until such amounts are paid that will afford payment of all allowed and proven claims in the amounts payable under this Plan.

3.    Plan Distribution. The Trustee, from available funds, shall make payments to creditors in the following amounts and order.

    A.    Debtor's Attorney:

    FEE REQUESTED                $  0

    B.    Mortgage and Mortgage Arrears. Unless otherwise indicated, Debtor shall make regular monthly payments commencing the first due date after the date of filing petition. Arrears owing a mortgage creditor, if any, as listed below, shall be paid through this Chapter 13 Plan. The arrears owing as described below shall be deemed to include capitalized interest:

CREDITOR                                ARREARS

CitiMortgage                            $ 7,500.00

    C.    Secured Claims. Secured claims, other than those described in paragraph 3. B of this plan, shall be treated as follows:

Chapter 13 Plan - Page 1 of 4

i. *Paid directly, cure default only.* The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below. The Debtor shall continue to make regular contractual payments directly to the indicated creditor. Arrears, if any, as indicated below shall be paid through this Chapter 13 Plan:

| CREDITOR & COLLATERAL | CLAIM | ARREARS |
|---|---|---|
|  |  | -0- |

ii. *Paid in full.* The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below. Each such creditor shall receive, in full satisfaction of its secured claim, the value of its collateral as indicated below together with interest at the prime rate, or the amount of its claim, whichever is less. Total payments to be distributed to the creditor are also indicated below. Upon full payment as provided herein, the affected creditor shall release and satisfy its lien:

CREDITOR                                                            DISTRIBUTION
& COLLATERAL

iii. *Surrender.* The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below. In lieu of payment through this Chapter 13 Plan, the Debtor will surrender the collateral to each such creditor as their interests shall appear of record:

CREDITOR
& COLLATERAL

None

iv. *Lien Avoidance.* The following creditors assert a secured claim against the Debtor that the Debtor has determined is avoidable under 11 U.S.C. 506, 522, 541,and/or 544-550. As such, the claims shall be treated as unsecured under this Chapter 13 Plan:

CREDITOR
& COLLATERAL

First Indiana Bank/340 Waters Edge Drive

Farmers First Bank/340 Waters Edge Drive

D.    Priority Claims. Unsecured claims entitled to priority under 11 U.S.C. §507 shall be paid in full as follows:

CREDITOR                PRIORITY CLAIM

Chapter 13 Plan - Page 2 of 4

None

      E.    Separate Class of Unsecured Claims.

CREDITOR    IRS                       UNSECURED  $15,000.00
& CLASSIFICATION                  CLAIM

      F.    General Unsecured Creditors. All other creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims. Debtor estimates the unsecured claims to total $100,000.00. (Funds Provided/Unsecured Claims)

      G.    Lien Avoidance. Debtor has filed, or may heretofore file, a Motion, pursuant to Bankruptcy Rule 4003(d), to avoid all nonpossessory, non purchase money security interest, judicial liens as provided by 11 U.S.C. §522(f), and other avoidable liens, but not limited to those liens that may be avoidable pursuant to 11U.S.C. §506 and 11 U.S.C. 544-550. Debtor specifically preserves his right to file all appropriate lien avoidance actions after the date this Plan is confirmed, whether or not said claim or interest is specifically described as avoidable in this Plan. Each such claim or lien avoided or to be avoided shall be treated as a general unsecured claim absent further Order from the Bankruptcy Court. Any creditors' claims or portions thereof not listed in paragraph C above are to be treated as unsecured and, unless objected to, such unsecured status, for purposes of this Plan, will be binding upon confirmation. An Order of Confirmation of this Plan shall operate as authority for any Court to satisfy of record any lien avoided pursuant to this paragraph. Each such creditor shall cooperate fully with debtor in his/her efforts to satisfy this lien, including the execution of all documents necessary to confirm or complete the purposes of this paragraph.

      H.    Leases and Contracts. As of the date of filing of this bankruptcy, the Debtor was a party to the unexpired leases and/or executory contracts listed in this paragraph. The debtor hereby assumes or rejects said executory contracts or unexpired leases as indicated below. Any other contract, or claim arising out of a contract, not listed in this paragraph shall be conclusively presumed to be a debt and as such, will receive treatment as provided in paragraphs 3 B-F of this Plan as appropriate.

| NAME OF CREDITOR | DESCRIPTION | TREATMENT |
|---|---|---|
| None | | |

      I.    Miscellaneous Provisions.

None

      4.    Standing Trustee Percentage Fee. Pursuant to 28 U.S.C. §586(e)(B), the Attorney General, after consultation with the United States Trustee, sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this Plan.

      5.    Co-debtor liability - All payments made pursuant to this Plan, whether made to a secured, priority, or general unsecured creditor of the debtor, shall operate to discharge all liability of any co-debtor of the debtor of the obligation.

Chapter 13 Plan - Page 3 of 4

6. <u>Claim waiver</u> - All claims of creditors against the Debtor, whether or not such claim is alleged to be owing to secured, priority or general unsecured claimants, not filed on or before the date of confirmation of this Chapter 13 Plan, shall be deemed satisfied and discharged, notwithstanding any previous bar date fixed by the Bankruptcy Court or any principle of law or statute to the contrary. The Debtor reserves the right, at any time during the pendency of the Debtor's bankruptcy, whether or not the Debtor's Plan has been confirmed, to object to all Proofs of Claim filed by creditors, including subsequent amendments to filed Proofs of Claim not addressed or provided for under this Chapter 13 Plan and to file such avoidance actions as may be necessary to address issues of invalidity in the character or type of claim or lien asserted by a creditor.

7. <u>Automatic stay</u> - Except and unless specifically set forth in this Plan, confirmation of this Chapter 13 Plan shall not affect, alter, modify or terminate the stay provided in 11 U.S.C. 362(a) and the Order confirming this Plan shall reinstate the automatic stay as to all creditors, secured, priority or otherwise who may have been the beneficiary of an Order granting relief from, or modifying the stay prior to confirmation of this Chapter 13 Plan.

8. <u>Reconciliation with Chapter 7</u> – The Debtor avers that the amount to be paid under this Chapter 13 Plan to general unsecured creditors equals or exceeds the amount to which general unsecured creditors would be entitled in a Chapter 7 case.

### SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses

1. Attorney Fees
2. Mortgage Arrears                                 $7,500.00
3. Secured Claims
4. Priority Claims                                  0.00
5. Separate Class of Unsecured Claims               0.00
6. All other unsecured claims    (estimated)        15,000.00

    Total payments to above Creditors          $7,524.00
    Trustee percentage (estimated)              2,257.00
    Total debtor payment to the Plan            9,781.00

Dated: 5/19/2010

Chapter 13 Plan - Page 4 of 4